IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SYLVESTER CLERK                                                                PLAINTIFF

V.                                            CIVIL ACTION NO.2:05CV147-WAP-JAD

BOLIVAR COUNTY REGIONAL
CORRECTIONAL FACILITY, et al.                                  DEFENDANTS

## REPORT AND RECOMMENDATION

Sylvester Clerk filed his § 1983 complaint against Wanda Collier and Tammy Coury, both nurses with the Bolivar County Regional Correctional Facility. They have moved to dismiss the claim for failure to state a claim and/or for summary judgment. They assert that he has failed to exhaust administrative remedies, but the case should be dismissed pursuant to 42 U.S.C. § 1997e(c)(2).

With regard to Tammy Coury the sole allegations in the complaint are her name, business address and that she is an emergency room nurse. She is not mentioned again in the complaint. Clerk has not stated a claim against this nurse.

His allegations regarding Wanda Collier are not much more complete. He alleges that for a two week period Collier refused to give him his medications. He claims that after being informed that he had requested a grievance form, Collier provided him with his medications. The medical records, covering five years, that Clerk filed with the court indicate that he has suffered from high blood pressure, hypercholesterolemia, an inner ear infection, and chest pain and has been prescribed multiple medications. The denial of medications occurred in July, 2005. These records end in April, 2005. The complaint does name what medication he claims were refused to him. Clerk fails to

allege any harm of any nature to him as a result of the delay. This defendant is likewise entitled to dismissal with prejudice.

Clerk has no exhausted his administrative remedies. The complaint alleges a single attempt to obtain a grievance form. This is not sufficient to exhaust his remedies. His complaint, failing to state a claim, should be dismissed with prejudice, pursuant to 28 U.S.C. § 1997e(c)(2).

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 19th day of June, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE